UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

MARY W. CARLSON, on her own behalf and
on behalf of all others similarly situated,

               Plaintiff,

-against-

HSBC-NORTH AMERICA HOLDINGS
ADMINISTRATIVE COMMITTEE, as Plan
Administrator, and HSBC-NORTH AMERICA (US)
RETIREMENT INCOME PLAN,

               Defendants.

---------------------------------------------------------------X

CV-09-3131 (SJF)(ETB)

**ORDER**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUN 21 2011 ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

Before the Court are objections by plaintiff Mary W. Carlson ("plaintiff") to a Report and Recommendation of United States Magistrate Judge E. Thomas Boyle dated April 5, 2011 ("the Report") recommending: (1) that the motion of defendants HSBC-North America Holdings Administrative Committee, as Plan Administrator, and HSBC-North America (US) Retirement Income Plan (collectively, "defendants") to dismiss the complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure be granted and that this action be dismissed in its entirety; and (2) that plaintiff's request that this Court retain supervision over defendants' administrative process of identifying those participants eligible to receive additional pension benefits and payment to those individuals be denied. For the reasons stated herein, the Report of Magistrate Judge Boyle is rejected in part and accepted in part.

1

I. Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo.* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See Fed. R. Civ. P. 72(b); Milano v. Astrue, No. 05 Civ. 6527, 2008 WL 4410131, at * 1 (S.D.N.Y. Sept. 26, 2008), aff'd, 382 Fed. Appx. 4 (2d Cir. June 16, 2010); Johnson v. Goord, 487 F.Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed. Appx. 815 (2d Cir. Jan. 1, 2009). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

II. Objections

Plaintiff contends that Magistrate Judge Boyle erred, *inter alia*: (a) in finding that her first three (3) claims were moot because (i) pursuant to Rule 54(c) of the Federal Rules of Civil Procedure, she was not required to specifically dispute the interest rate adopted by Amendment Eight to defendants' pension plan, (ii) she sought prejudgment interest at a rate of nine percent (9%) in her prayer for relief, (iii) although defendants pledged payment to participants in the

2

pension plan by adopting Amendment Eight, they have not tendered payment to anyone to date, (iv) she commenced this action in a representative capacity and has not had the opportunity to move for class certification because discovery on the issue of numerosity is still occurring and (v) it is not impossible for her to be awarded prejudgment interest at a rate of nine percent (9%); (b) in relying upon the interpretation of Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), by two (2) circuit courts to dismiss her fourth through sixth claims based upon an implied right to interest on underpaid plan benefits, since the Second Circuit expressly disagreed with those decisions in Dobson v. Hartford Financial Services Group, Inc., 389 F.3d 386, 395 (2d Cir. 2004); (c) in *sua sponte* relying upon three (3) district court cases in this Circuit which were distinguished by Dobson as an alternative basis to dismiss plaintiff's fourth claim; (d) in misapprehending plaintiff's fourth claim as one requesting the Court to "second guess" the provisions of Amendment Eight; (e) in recommending dismissal of plaintiff's fifth claim for failure to state a claim; (f) in overlooking the fact that defendants moved to dismiss plaintiff's sixth claim for failure to state a claim, not for summary judgment; and (g) in recommending that the Court grant deference to the plan administrator's interpretation of who is eligible to receive additional benefits and decline to supervise defendants' implementation of Amendment Eight.

A.  Right to Interest

In recommending dismissal of plaintiff's fourth through sixth claims for relief, Magistrate Judge Boyle recommends that I reject "dicta" in two (2) Second Circuit cases, Dunnigan v. Metropolitan Life Ins. Co., 277 F.3d 223 (2d Cir. 2002) and Dobson v. Hartford Financial

3

Services Group, Inc., 389 F.3d 386 (2d Cir. 2004), suggesting that interest on a delayed pension payment is an implied benefit of any pension plan, (Report, pp. 12-14), and, instead, follow the reasoning of the Seventh and Eleventh Circuits "conclusively determin[ing]" that there is no implied right to interest on the delayed payment of benefits under the terms of a pension plan that is silent regarding the payment of interest. See Green v. Holland, 480 F.3d 1216 (11th Cir. 2007); Flint v. ABB, Inc., 337 F.3d 1326 (11th Cir. 2003) and Clair v. Harris Trust and Savings Bank, 190 F.3d 495 (7th Cir. 1999). (Report, pp. 14-15). I reject this branch of the Report on the basis that it is unnecessary to resolve the issue, unsettled in this Circuit, of whether there is an *implied* right to interest on delayed payment of benefits under an ERISA plan that is silent regarding the payment of interest. As found by Magistrate Judge Boyle, "Amendment Eight *explicitly* provides for interest on any delayed payment" (emphasis added) in accordance with the Short-Term U.S. Treasury Bill Rate, (Report, p. 15), and, thus, the issue of whether the right to interest may be implied in an ERISA plan is not implicated. Indeed, Magistrate Judge Boyle found, in relevant part:

> "Thus, although the Second Circuit has yet to conclusively resolve the question of whether there is an implied right to interest on delayed benefits under the terms of a pension plan, it is not necessary to reach this issue since the Plan has provided in Amendment Eight for interest at the Short-Term U.S. Treasury Rate. It is clear that under the Supreme Court's decision in Massachusetts Mutual v. Russell, 473 U.S. 134 (1985) and its progeny, the Court is limited to enforcement of the terms set forth in the Plan. * * * It is not the function of the Court to second guess the adequacy of the Plan's provisions. * * *"

(Report, p. 16). Upon *de novo* review, I accept this finding.

4

1.  Fourth Claim for Relief[1]

Since the terms of the Plans at issue, as amended by Amendment Eight, provide for the payment of interest at a certain rate, such interest is a contractual right that may be recovered as a "benefit[] due [participants] under the terms of [the] plan[s]" in a civil action under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). See Dobson, 389 F.3d at 390, 398. Accordingly, plaintiff's fourth claim for relief based upon an *implied* right to interest is dismissed.[2]

In light of this determination, I also reject the branch of the Report recommending dismissal of plaintiff's fourth claim on the alternative ground that interest on the delayed payment of benefits constitutes "extracontractual damages." As set forth above, since the express terms of the ERISA Plan at issue, as amended by Amendment Eight, provide for the recovery of interest at a certain rate, such interest is a benefit due plan participants within the meaning of Section 502(a)(1)(B) of ERISA and, thus, does not constitute "extracontractual damages."

Upon *de novo* review and consideration of plaintiff's remaining objections to so much of the Report as recommends dismissal of her fourth claim for relief, plaintiff's objections are overruled and that branch of the Report is accepted to the extent set forth above. For the reasons set forth herein, and in so much of the Report as is accepted herein, the branch of defendants' motion seeking dismissal of plaintiff's fourth claim for relief pursuant to Rule 12(b)(6) of the

---

[1] In her fourth claim for relief, plaintiff alleges that "[b]y applying a 6% simple interest rate to compensate [her] for the underpayment of her pension, Defendants violated the implied terms of the Amended 1976 MSB Plan." (Amend. Compl., ¶ 61).

[2] For the reasons set forth below, any claim plaintiff may otherwise have had to recover interest under Section 502(a)(1)(B) was rendered moot by defendants' enactment of Amendment Eight. Therefore, any amendment to plaintiff's fourth claim in the amended complaint would be futile and, thus, that claim is dismissed with prejudice.

5

Federal Rules of Civil Procedure is granted and plaintiff's fourth claim is dismissed in its entirety with prejudice for failure to state a claim for relief.

2. Fifth and Sixth Claims for Relief[3]

Magistrate Judge Boyle correctly found that Amendment Eight did not reduce the rate of interest due plaintiff under the Plan since, *inter alia*, prior to Amendment Eight the Plan did not contain an express rate of interest to be applied to delayed payment of benefits. Thus, interest at a rate of nine percent (9%), as alleged by plaintiff, was not an "accrued benefit" within the meaning of ERISA and the interest rate contained in Amendment Eight does not violate ERISA's "anti-cutback rule" or "nonforfeitability requirements." Moreover, Magistrate Judge Boyle correctly rejected plaintiff's claim that any interest rate lower than nine percent (9%) is unreasonable. Accordingly, upon *de novo* review and consideration of plaintiff's objections to so much of the Report as recommends that the branches of defendants' motion seeking dismissal of her fifth and sixth claims for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted, plaintiff's objections are overruled, that branch of the Report is accepted and plaintiff's fifth and sixth claims are dismissed with prejudice for failure to state a claim for relief.

---

[3] In her fifth and sixth claims for relief, plaintiff alleges that the rate of interest provided in Amendment Eight is not reasonable and caused a reduction in her accrued benefits (a) in violation of the "anti-cutback rule" set forth in Section 204(g) of ERISA, 29 U.S.C. § 1054(g) (fifth claim for relief) and the "nonforfeitability requirements" of Section 203(a) of ERISA, 29 U.S.C. § 1054(g) (sixth claim for relief) (Amend. Compl., ¶¶ 70-72, 80).

B.   Mootness

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." City of Erie v. Pap's A.M., 529 U.S. 277, 287, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000) (quoting Los Angeles County v. Davis, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)); see also ABN Amro Verzekeringen BV v. Geologistics Americas, Inc., 485 F.3d 85, 94 (2d Cir. 2007) ("Mootness, in the constitutional sense, occurs when the parties have no 'legally cognizable interest' or practical 'personal stake' in the dispute, and the court is therefore incapable of granting a judgment that will affect the legal rights as between the parties.") "When 'subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur,' [there is] no live controversy to review." Camreta v. Greene, 131 S.Ct. 2020, 2034 (May 26, 2011) (quoting United States v. Concentrated Phosphate Export Ass'n, 393 U.S. 199, 203, 89 S.Ct. 361, 21 L.Ed.2d 344 (1968)).

Magistrate Judge Boyle correctly found, *inter alia*, that plaintiff's first three (3) claims were rendered moot by defendants' enactment of Amendment Eight.[4] Amendment Eight provides complete relief to both plaintiff and the putative class by entitling them to the benefits, including

---

[4] In her first three (3) claims, plaintiff alleges: (1) that "[b]y refusing to be bound by the rule of parity [i.e., by not crediting plaintiff with the 5.3 years of pre-ERISA participation preceding her break in service], Defendants violated ERISA Section 204(b)(4), 29 USC § 1054(b)(4), as interpreted by the Second Circuit in McDonald," (Amend. Compl., ¶¶ 41, 43); (2) that "[b]y relying on ERISA's minimum standards to override the more generous provisions of the Amended 1976 MSB Plan," to value plaintiff's 5.3 years of pre-break participation at only one percent (1%) of her Average Final 3 Years Earnings, defendants violated both Section 6.2 of the Amended 1976 MSB Plan and Sections 204(b)(1)(D) and 402(b)(4) of ERISA, 29 U.S.C. §§ 1102(b)(4) and 1022(a), (Amend. Compl., ¶¶ 44-50); and (3) that alternatively, "if ERISA permitted applying a reduced accrual rate for pre-ERISA service even absent any Plan provision authorizing it, Defendants would have violated 26 CFR § 1.411(b)-1(c)(2)(v) by refusing to accrue the 50% difference over [plaintiff's] years of post-ERISA service," (Amend. Compl., ¶ 54).

7

interest, they would have accrued had the pre-amendment Plan operated in compliance with the "rule of parity," the Plan and ERISA.[5] Accordingly, there is no judgment this court can render on plaintiff's first three (3) claims "that would have a practical effect on the legal rights of the parties." ABN Amro, 485 F.3d at 95. Thus, upon *de novo* review and consideration of plaintiff's objections to so much of the Report as recommends granting the branch of defendants' motion seeking dismissal of her first three (3) claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, plaintiff's objections are overruled, that branch of the Report is accepted in its entirety and plaintiff's first three (3) claims are dismissed as moot.[6]

---

[5] Plaintiff seeks: (1) judgment declaring (a) that defendants have violated ERISA since October 1, 1976 by failing to apply the "rule of parity"; (b) that defendants violated ERISA and the terms of their pension plan by applying ERISA's lower benefit rate when the plan does not provide for such lower rate; (c) alternatively, that ERISA requires that when a lower rate is applied to pre-ERISA service, the difference between the regular and the reduced rate must be accrued over years of post-ERISA participation in the plan and (d) that Amendment Eight is null and void because the interest rate provided therein reduced accrued benefits; (2) an injunction enjoining defendants from (a) continuing to violate the Plan and ERISA and (b) enforcing Amendment Eight; (3) an order directing defendants to amend each ERISA plan they administer to provide for the application of the "rule of parity"; (4) pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(b), (a) an order directing defendants to recalculate the accrued benefits and pension amounts due each class member in accordance with the provisions of any amended plan and (b) an order directing defendants to pay each class member the difference between the pension amounts paid and those payable pursuant to any amended plan, with nine percent (9%) prejudgment interest, compounded monthly; and (5) costs and attorney's fees. (Amend. Compl., pp. 20-21). Clearly, the relief sought by (1)(a) through (c), (3) and (4)(a) are rendered moot by Amendment Eight. The relief sought by (1)(d), (2) and 4(b) relate to plaintiff's fourth through sixth claims, which are dismissed with prejudice for failure to state a claim for relief. Since plaintiff's amended complaint is dismissed in its entirety, plaintiff is not entitled to any costs and attorney's fees. Accordingly, there is no relief this Court can grant on the claims in plaintiff's amended complaint that state a cognizable claim for relief.

[6] Since plaintiff's first three (3) claims are dismissed as moot, i.e., on the basis that there is no live "Case" or "Controversy" within the meaning of Article III, the dismissal is for lack of subject matter jurisdiction, see In re Williams Communications Group, Inc., 315 Fed. Appx. 312 (2d Cir. Mar. 10, 2009); ABN Amro, 485 F.3d at 94, and, therefore, is without prejudice. See Eaglet Corp. Ltd. v. Banco Cent. de Nicaragua, 23 F.3d 641, 642 (2d Cir. 1994); Meyer v. Kansas City Southern Ry. Co., 84 F.2d 411 (2d Cir. 1936).

8

C.  Court Supervision

Upon *de novo* review and consideration of plaintiff's objections to so much of the Report as recommends that the Court decline to provide continued supervision over the plan administrator's determination of who is eligible to receive additional pension benefits as a result of the adoption of Amendment Eight and payment to those individuals, plaintiff's objections are overruled and that branch of the Report is accepted in its entirety.

III.  Conclusion

Upon *de novo* review and consideration of plaintiff's objections, the Report is rejected in part and accepted in part as set forth herein. For the reasons set forth herein, and in so much of the Report as is accepted herein, defendants' motion to dismiss the amended complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure is granted and the amended complaint is dismissed in its entirety.[7] The Clerk of the Court is directed to enter judgment in favor of defendants and to close this case.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: June 21, 2011
Central Islip, New York

---

[7] For the reasons set forth herein, the first three (3) claims for relief in plaintiff's amended complaint are dismissed without prejudice for lack of subject matter jurisdiction, whereas plaintiff's remaining claims are dismissed with prejudice for failure to state a claim.

9