FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★   MAR 2 0 2012   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MARY W. CARLSON, on her own behalf and
on behalf of all others similarly situated,

                Plaintiff,

-against-

HSBC-NORTH AMERICA HOLDINGS
ADMINISTRATIVE COMMITTEE, as Plan
Administrator, and HSBC-NORTH AMERICA (US)
RETIREMENT INCOME PLAN,

                Defendants.
------------------------------------------------------------X

CV-09-3131 (SJF)(ETB)

**ORDER**

FEUERSTEIN, J.

Before the Court is the motion of plaintiff Mary W. Carlson ("plaintiff") for reconsideration of an order of this Court dated June 21, 2011, which, *inter alia*: (1) accepted in part and rejected in part a Report and Recommendation of United States Magistrate Judge E. Thomas Boyle dated April 5, 2011 ("the Report") recommending, *inter alia*, that the motion of defendants HSBC-North America Holdings Administrative Committee, as Plan Administrator, and HSBC-North America (US) Retirement Income Plan (collectively, "defendants") to dismiss the complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure be granted and that this action be dismissed in its entirety; (2) granted defendants' motion; and (3) dismissed the amended complaint in its entirety. Judgment in favor of defendants was entered upon that order on July 24, 2011. For the reasons stated herein, plaintiffs' motion is denied.

1

I.  Discussion

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 ("Local Rule 6.3"), which provides, *inter alia*, that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." The requirements of Local Rule 6.3 are "narrowly construed and strictly applied," U.S. v. Aleynikov, 785 F.Supp.2d 46, 60 (S.D.N.Y. 2011); see also Terra Securities ASA Konkursbo v. Citigroup, Inc., — F.Supp.2d —, 2011 WL 5024228, at * 1 (S.D.N.Y. Oct. 20, 2011), "so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment." Anwar v. Fairfield Greenwich Ltd., 745 F.Supp.2d 379, 382 (S.D.N.Y. 2010); Aleynikov, 785 F.Supp.2d at 60.

In determining a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992); see also Anwar, 745 F.Supp.2d at 383; Montblanc-Simplo GmbH v. Colibri Corp., 739 F.Supp.2d 143, 147 (E.D.N.Y. 2010). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion

reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). Generally, reconsideration should not be granted where the moving party: (1) seeks to introduce additional facts not in the record on the original motion, see Rafter v. Liddle, 288 Fed. Appx. 768, 769 (2d Cir. Aug. 13, 2008) (holding that motions for reconsideration "are not vehicles for taking a second bite at the apple * * * and [the court] [should] not consider facts not in the record to be facts that [it] 'overlooked.'" (internal quotations and citation omitted)); McBeth v. Gabrielli Truck Sales, Ltd., 768 F.Supp.2d 392, 395 (E.D.N.Y. 2011) ("A party seeking reconsideration may not advance new facts, issues or arguments not previously presented to the court."); (2) advances new arguments or issues that could have been raised on the original motion, Corines v. American Physicians Ins. Trust, 769 F.Supp.2d 584, 593-94 (S.D.N.Y. 2011) ("A motion for reconsideration is not * * * a 'second bite at the apple' for a party dissatisfied with a court's ruling * * * [and] * * * is not appropriate * * * as a vehicle to advance new theories a party failed to articulate in arguing the underlying motion."); McBeth, 768 F.Supp.2d at 395; or (3) "is solely attempting to relitigate an issue that already has been decided," New York v. Parenteau, 382 Fed. Appx. 49, 50 (2d Cir. June 24, 2010); see also Niederland v. Chase, 425 Fed. Appx. 10, 12 (2d Cir. May 25, 2011); E.E.O.C. v. Bloomberg, L.P., 751 F.Supp.2d 628, 651 (S.D.N.Y. 2010). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. See Mangino v. Incorporated Village of Patchogue, — F.Supp.2d —, 2011 WL 4527286, at * 2 (E.D.N.Y. Sept. 30, 2011); Corines, 769 F.Supp.2d at 594.

Plaintiff contends, *inter alia*, that I overlooked the Supreme Court's holding in CIGNA v. Amara, 131 S. Ct. 1866, 179 L.Ed.2d 843 (May 16, 2011), by holding that "[s]ince the terms of the Plans at issue, as amended by Amendment Eight, provide for the payment of interest at a certain

3

rate, such interest is a contractual right that may be recovered as a 'benefit[] due [participants] under the terms of [the] plan[s]' in a civil action under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B)." According to plaintiff, in Amara, the Supreme Court held "that relief for any violation of ERISA or the terms of a plan must be sought pursuant to ERISA Section 502(a)(3), 29 USC § 1132(a)(3), which provides 'appropriate equitable relief' to redress all such violations." (Memorandum in Support of Plaintiff's Motion for Reconsideration ["Plf. Mem."], at 3). In addition, plaintiff contends, that I erred in dismissing her claim for costs and attorney's fees because, *inter alia*, she obtained "complete success" on the merits of her claims, (Plf. Mem. at 8), insofar as HSBC adopted Amendment Eight, thereby bringing all of the pension plans its administers into compliance with Second Circuit precedent.[1]

Contrary to plaintiff's contention, I did not overlook the relevant law. Amara is distinguishable, *inter alia*, because in that case, plaintiffs could not recover under ERISA § 502(a)(1)(B) since the relief sought was not provided by the terms of the plan. See 29 U.S.C. § 1132(a)(1)(B). Rather, in awarding the plaintiffs relief under Section 502(a)(1)(B), the district court had found that its orders reforming the plan "in effect awarded 'benefits under the terms of the plan' as reformed." Amara, 131 S. Ct. at 1875-76. However, the Supreme Court held that Section 502(a)(1)(B) does not grant a court the power to alter the terms of a previously existing plan and, therefore, plaintiffs could not recover under that provision. Amara, 131 S. Ct. at 1877 (finding "nothing suggesting that [Section 502(a)(1)(B)] authorizes a court to alter th[e] terms [of a plan], at least not in present circumstances, where that change, akin to the reform of a contract,

---

[1] This argument is seemingly inconsistent with plaintiff's contention, relating to her argument that I overlooked the holding in Amara, that "Amendment Eight did not provide all the relief which [plaintiff] requested and to which she was entitled." (Plf. Mem. at 4).

seems less like the simple enforcement of a contract as written and more like an equitable remedy.") To the contrary, in the present case, the terms of the plans, as amended by Amendment Eight, specifically provide for the recovery of the benefits sought by plaintiff, i.e., interest, and, therefore, recovery is available under Section 502(a)(1)(B). Unlike in Amara, the relief sought by plaintiff is akin to the "simple enforcement of a contract as written," and is not in the nature of equitable relief.[2]

Moreover, *inter alia*, there being no judicial determination that plaintiff's claims had "some degree of success on the merits," this Court did not overlook Hardt v. Reliance Standard Life Ins. Co., 130 S. Ct. 2149, 176 L.Ed.2d 998 (2010), in exercising its discretion under 29 U.S.C. § 1132(g)(1) to deny plaintiff's claim for costs and attorney's fees.

II. Conclusion

For the reasons set forth herein, plaintiff's motion for reconsideration of this Court's June 21, 2011 order is denied.

SO ORDERED.

s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 20, 2012
Central Islip, New York

---

[2] Plaintiff's contention that "new authority" by the Second Circuit in Milgrim v. Orthopedic Associates Defined Contribution Pension Plan, 666 F.3d 68 (2d Cir. 2011), also warrants reconsideration, which is improperly advanced in supplemental briefing dated December 28, 2011, is also rejected on the basis, *inter alia*, that unlike the plans involved in this case, as amended by Amendment Eight, the plan in that case did not expressly provide for interest.